## COUNTY COURT—COUNTY OF ALBANY,

### July 22, 1914.

# THE PEOPLE v. LEONARDO LECESSE.

### (148 Supp. 929.)

(1.) CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE—PRIMA FACIE CASE.

In a prosecution of accused for perjury in testifying that he had never been and was not married on applying for a marriage license within Penal Law (Consol. Laws, c. 40) § 1620, providing that those swearing to material statements in an affidavit for a marriage license, shall constitute perjury, evidence of defendant's previous and existing marriage in Italy *held* to constitute probable cause sufficient to justify a magistrate in committing accused to await the action of a grand jury.

(2.) CRIMINAL LAW—PRELIMINARY EXAMINATION—ADJOURNMENT.

Code Cr. Proc. § 191, provides that preliminary examination must be completed at one session, unless the magistrate for good cause shown adjourns it, and that the adjournment cannot be for more than two days at each time unless by consent or on motion of the defendant. *Held,* that where evidence was produced before a committing magistrate to show that accused had committed perjury in an affidavit for a marriage license sufficient to establish a prima facie case, it was not error for the magistrate to grant an adjournment in order that the people might obtain additional evidence of an existing marriage between accused and a woman in Italy.

HABEAS CORPUS and certiorari to obtain the discharge of Leonardo Lecesse from imprisonment on a charge of perjury. Writs dismissed, and prisoner remanded.

*John J. Conway, Jr., Asst. Dist. Atty.,* of Cohoes, and *William Goldberg,* of New York City, for the People.

*Bertram M. Aufsessor,* of Albany, for relator.

ADDINGTON, J.:

This is an application for the discharge of the defendant from imprisonment.

A writ of habeas corpus and a writ of certiorari were granted directed to James L. Hyatt, to produce the body of the relator, and to John J. Brady, to certify the proceedings in police court in a certain action by the people of the state of New York against said relator. The said writs, as appears by affidavit, were duly served on the respondents, and returns were duly made.

It appears from the petition that the relator was arrested under a warrant duly issued by John J. Brady, justice of the police court of the city of Albany, on the 23d day of June, 1914, charged with the crime of " perjury in violation of section 1620 of the Penal Law (Consol. Laws, c. 40), swearing falsely to material statements in affidavit filed with the city clerk in making application for a marriage license, which is declared to be perjury by section 16 of the Domestic Relations Law (Consol. Laws, c. 14)," etc. It appears from the indorsement on said warrant that Leonardo Lecesse was duly arrested by virtue thereof. It is claimed by the relator that said warrant was wholly void, and that the said justice adjourned the hearings in said action in violation of the rights of the defendant, as provided by the Code of Criminal Procedure. The relator does not seriously contend that the police magistrate was without jurisdiction to issue the warrant. The information on which the warrant was issued very clearly set out facts constituting the crime of perjury, and therefore the warrant based on said information was legally and properly issued, and the defendant apprehended. It is claimed by the people that the defendant in an application for a license, to the proper authority in the city of Albany, to be married, made the false statement that he was never married before, when as matter of fact he was married and has a wife and child in Italy. The people making the information were examined before

the magistrate as witnesses, and while it appears that they swore positively in the information that the defendant was married in Italy, the relator contends that in their examination before the police magistrate it does not appear that they have that knowledge which would legally establish the marriage alleged to have taken place in Italy, and that, therefore, several hearings having been had and no legal marriage having been established, the magistrate was without jurisdiction to adjourn the case further for the purpose of enabling the people to produce additional legal proof to establish the marriage of the relator in Italy, and thus prove the crime of perjury against him. The relator, on the examination before the police magistrate, was represented by counsel, and made many objections to the reception of evidence. There was some evidence as to the marriage of the relator in Italy, which was objected to, and which was improperly received. The magistrate, however, apparently was endeavoring to arrive at the truth in the matter, for he said:

"He may tell how he knows they were married. If this man knows anything about the defendant's marriage, he must tell and not state conclusions which are of no importance in this proceeding. Was he present at the marriage? Did he witness it? What does he know about it?"

From the statement of the magistrate it clearly appears that notwithstanding there was some evidence improperly received, which if proper would have put the relator on his defense, he had in mind the proper and legal method of proving marriage in a criminal charge, and that he would require such legal proof in addition to the evidence properly received, and which showed probable cause that the crime was committed, otherwise he could have heard the defendant, if the latter desired to be heard, or would have committed him to await the action of the grand jury instead of adjourning the examination.

While the informants testify that the defendant was married to a woman in Italy, they state facts on which they base their knowledge.

Joe Garzone says:

" I have known defendant about 12 years; I knew him in the old country; I lived in the town of Palagiano 24 or 25 years; I knew there Lucia Rocco, the daughter of Gregoria Rocco; while I knew defendant he lived in Palagiano, it is a small town and they have no name on the street or anything, they know each other by a certain place; defendant was a shoemaker; about 8 years ago defendant and Lucia Rocco were married; I only know that they were married; I was living on one side of the town, and they were living on the other; I know they had a child; I came to this country 5 years ago; defendant came to this country four or five months before I did."

Laura Garzone says:

" I lived in Palagiano, Italy, before I came to this country; I know defendant since he was born; I know his father, Peter, and his mother, Checa; I know Lucia Rocco, and her mother, Mary, and her father, Gregoria; the father had a sheep farm; defendant's father was a shoemaker, and defendant was a shoemaker; when I seen them they went together; with the mother-in-law I seen them; I saw him, the defendant; his wife was working right in the home with the mother-in-law too; they were living together, and the same time he was working as shoemaker; Lucia Rocco was living there when this man was living there; I know Lucia Rocco, and had talk with her; Lucia Rocco had two children, a boy and a girl; the girl died."

This woman further testifies:

" Q. How do you know they were married? A. Public—the place is a small place, and as soon as anything happens every one knows it. I know they were together; they used to know each other; after that she was known as married, we would call her the wife of Leonardo Lecesse; the children were known as their children; I left Italy a year ago, and Lucia Rocco was alive."

There is more evidence in the case taken before the magistrate, much of which was improperly received, and I make reference to the evidence above quoted because the same, with

but slight exceptions, was properly received, and is legal and competent evidence.

It was clearly shown by competent proof that the relator made the statement on an application for a marriage in the city of Albany that he was never married.

[2] Section 191 of the Code of Criminal Procedure provides:

"The examination must be completed at one session, unless the magistrate, for good cause shown, adjourn it. The adjournment cannot be for more than two days at each time, unless by consent or on motion of the defendant."

It is claimed by the people that the evidence thus far in this case is sufficient to hold the defendant for perjury pending examination before him. The magistrate was asked to adjourn the examination for the purpose of securng additional evidence to show a marriage by the relator to a woman in Italy. Was there good cause shown before the magistrate to warrant him in granting adjournments for the purpose of introducing additional evidence? Was there any evidence presented to the magistrate which showed reasonable ground for believing that the defendant had committed the crime of perjury?

In the case of People ex rel. Perkins v. Moss, 187 N. Y. 424, 80 N. E. 388, 11 L. R. A. (N. S.) 528, 10 Ann. Cas. 309, the court says:

"But however this may be, it will be conceded, as is argued in behalf of the appellants, that if even a slight degree of evidence of the relator's guilt was produced—'something upon which the judicial mind was called upon to act in determining the question of probable cause,' the magistrate had jurisdiction, the warrant was valid and the order appealed from should be reversed."

It seems to me clear, at least from the evidence heretofore quoted, that there was probable cause for the magistrate to believe that the crime of perjury was committed by the relator.

And while the evidence thus far is not sufficient to show a legal marriage by the relator to the woman Rocco in Italy, from the evidence already adduced, the magistrate has reasonable ground to believe that the crime of perjury was committed, and therefore very properly granted adjournments of the hearing in order to produce legal and direct proof of the alleged marriage.

While the evidence of sending and receiving a cablegram regarding the alleged marriage in Italy was improper, in view of all the evidence in the case, if a copy of the cablegram sent to Italy and a cablegram in response thereto received were produced before the magistrate without being offered in evidence, it would show the good faith of the people in this prosecution, and the efforts being made by them to produce legal proof as to the alleged marriage. It appears in the evidence that a cablegram was sent to Italy, which read as follows:

" Leonardo Lecesse, son of Peter, is he married or not? "

And that the following was received:

" Lecesse is married. For the Mayor, Favali, Palagiano, June 14th."

It must be realized that with one of the parties to the alleged marriage in the city of Albany, and the other in Italy, and the marriage having been performed in Italy, it requires some time to secure legal proof of the marriage. It is well known by those who are charged with the administration of criminal justice that people from foreign countries contract marriages here when they have wives and children in the country from where they came. In view of all these facts, and the evidence in the case, it seems to me that the magistrate in this case could not consistently and fairly refuse to grant the adjournments asked for.

In the matter of Blair, 32 Misc. Rep. 177, 65 N. Y. Supp. 641, the court says:

"The statutes and constitutional provisions giving the right to a speedy examination or trial are intended to guard against the abuse of delay on the part of the prosecution, but not to shield a prisoner from the consequences of delays for which the prosecution is not in any wise responsible.   *   *   *   The people proved that every step necessary to obtain the required evidence had been taken, and that due diligence in regard thereto had been used.   There was therefore good cause shown for the adjournments had, and there has been no arbitrary disregard of any right of the prisoner and no abuse of discretion by the magistrate."

This language is applicable to the present case, and it was and will be proper for the magistrate to continue the adjournments until such time as in his judgment he thinks " unreasonable and unnecessary delay are attributable to the prosecution," but clearly that situation has not as yet presented itself.

The writs must therefore be dismissed, and the prisoner remanded, and the magistrate directed to proceed with the examination as herein indicated.